UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOAQUIN AGUILAR,<br>Defendant. | Case No. 17-cr-00541-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Defendant Joaquin Aguilar moves to dismiss the criminal information filed against him, arguing that California's one-year statute of limitations applies to the charges against him based on California law as assimilated by federal statute and regulation. The United States contends that the federal five-year, catch-all statute of limitations under 18 U.S.C. § 3282(a) should apply. The Court held a hearing on August 10, 2018. Aguilar's motion is DENIED as to Count One, but GRANTED as to Count Two.

## II. BACKGROUND

The information against Aguilar, filed on October 18, 2017, reads as follows:

> The United States Attorney charges:
>
> COUNT ONE: (18 U.S.C. § 13, assimilating CA Pen. Code § 466—Burglary Tools)
>
> On or about June 7, 2016, in the Northern District of California, while on federally-owned land administered by the Presidio Trust, the defendant, JOAQUIN AGUILAR, unlawfully and knowingly possessed a master key, other instrument, and tool with felonious intent to break or enter into a vehicle, in violation of Title 18, United States Code, Section 13, assimilating California Penal Code Section 466, a Class B Misdemeanor.
>
> COUNT TWO: (36 CFR 1004.2(b) assimilating, CA Veh. Code §12500(a)—Unlicensed Driver)

> On or about June 7, 2016, in the Northern District of California, while on federally-owned land administered by the Presidio Trust, the defendant, JOAQUIN AGUILAR, unlawfully and knowingly drove a motor vehicle upon a highway without a valid driver's license in violation of Title 36, Code of Federal Regulations, Section 1004.2(b), assimilating California Vehicle Code, Section 13500(a), a Class B Misdemeanor.

Information (dkt. 1) (line spacing altered).

In his present motion to dismiss, Aguilar argues that the applicable statute of limitations is one year under section 802(a) of the California Penal Code, which applies to most misdemeanors under California law. Mot. (dkt. 12) at 2. Aguilar devotes most of his argument to Count One, which assimilates California law under the Assimilated Crimes Act (the "ACA"), arguing that dismissal of Count Two is more straightforward because the regulation at issue there simply states that "traffic and the use of vehicles within the boundaries of the area administered by the Presidio Trust are governed by State law," 36 C.F.R. § 1004.2(a), which Aguilar contends "plainly includes the statute of limitations." Mot. at 2.

With respect to Count One, Aguilar argues that the ACA "instructs that defendants must receive 'a like punishment' to that they would receive in state court," and that because the state courts would not allow a prosecution commenced more than one year after Aguilar's alleged offence, his "punishment [in state court] would have been nothing." *Id.* at 3 (quoting 18 U.S.C. § 13(a)). Aguilar relies on then-Judge Gorsuch's opinion for the Tenth Circuit that "'[w]hen the maximum punishment a state court can import for a conviction is "nothing," it follows that the same must hold true in a federal ACA proceeding.'" *Id.* (quoting *United States v. Christie*, 717 F.3d 1156, 1171 (10th Cir. 2013)).

Aguilar contends that the Ninth Circuit has adopted a liberal approach to assimilating state laws under the ACA, citing decisions holding that deferred prosecution schemes provided by the laws of Hawaii and Washington are available to defendants in federal court facing ACA charges based on the assimilated laws of those states. *Id.* at 3–4 (citing *United States v. Sylve*, 135 F.3d 680, 682–84 (9th Cir. 1998); *United States v. Bosser*, 866 F.2d 315, 316 (9th Cir. 1989)). According to Aguilar, a 1988 decision by Judge Patel applying the federal statute of limitations to ACA charges did not have the benefit of the more liberal standard that the Ninth Circuit

articulated in *Sylve* and *Bosser*. *Id.* at 4 (citing *United States v. Johnston*, 699 F. Supp. 226, 229 (N.D. Cal. 1988)). Aguilar acknowledges that the Ninth Circuit recognizes limits to the scope of ACA assimilation, but argues that the logistical challenges presented by, for example, applying different parole policies or evidentiary doctrines to different groups of people subject to federal charges are not implicated by using California's statute of limitations for ACA charges based on assimilated California law. *Id.* (distinguishing *United States v. Smith*, 574 F.2d 988, 992 (9th Cir. 1978); *Smayda v. United States*, 352 F.2d 251, 253 (9th Cir. 1965)).

Citing *United States v. Kearny*, 750 F.2d 787 (9th Cir. 1984), for the proposition that "[t]he ACA 'incorporates state substantive criminal law as federal substantive law'" but "'does not generally adopt state procedures,'" Mot. at 4 (quoting *Kearny*, 750 F.2d at 789), Aguilar argues that statutes of limitations are "substantive" rather than "procedural" based on their importance in protecting individuals from arbitrary enforcement by the state, and that they have been recognized as such by the California courts. *Id.* at 4–5 (citing, *e.g.*, *People v. Williams*, 21 Cal. 4th 335, 339 (1999)). Finally, Aguilar argues that the federal limitations statute is inapplicable by its own terms because it only applies "'[e]xcept as otherwise provided by law,'" and the California statute provides otherwise here. *Id.* at 5–6 (quoting 18 U.S.C. § 3282(a)). Aguilar notes that the statute does not specify that it applies except as otherwise provided by *federal* law, and contends that it therefore should be displaced by applicable state law. *Id.* at 6.

The United States opposes Aguilar's motion, arguing that the charges are governed by the five-year federal limitations period. Opp'n (dkt. 14) at 1–2. The United States contends that a charge under the ACA is not enforcement of a state's laws, but rather a distinct federal charge based on the state's definition of the offense and the available punishment. *Id.* at 2. The United States notes that the ACA does not assimilate state statutes that would conflict with federal policy or "effectively rewrite an offense definition that Congress carefully considered." *Id.* (citing *United States v. Reed*, 734 F.3d 881, 888 (9th Cir. 2013)). The United States also notes that Judge Patel's *Johnston* decision and three other decisions by district courts have rejected arguments that state statutes of limitations should apply to ACA charges, and argues that those cases reached the correct result because the statute of limitations is not a form of punishment. *Id.* at 3–4. The

3

United States contends that the Tenth Circuit's decision in *Christie*, where the state law at issue only allowed for a conviction on the single most serious charge stemming from a single death, is a sentencing decision not analogous to the statute of limitations at issue here. *Id.* at 4–5. Instead, the United States argues that this case is more like *United States v. White*, a decision from this district where a magistrate judge dismissed charges sua sponte based on California Penal Code section 1385 but a district judge reversed, holding that section 1385's provision allowing for dismissal "in furtherance of justice" is not assimilated by the ACA because it neither defines an offense nor constitutes a punishment, but instead "'operates to free the criminal defendant from further prosecution and punishment for that crime.'" *Id.* at 5 (quoting *White*, No. 5:11-cr-00501 PSG, 2012 WL 1497518, at *3 (N.D. Cal. Apr. 27, 2012)). Finally, the United States asserts that there is a "direct conflict" between the state and federal statutes of limitations, that the ACA does not assimilate statutes that conflict with federal law, and that the United States has a greater interest than California in applying its law to prosecutions for crimes allegedly committed in geographic areas within the United States' exclusive jurisdiction, because the United States is prosecuting this action and California is not a party. *Id.* at 5–6.

In his reply, Aguilar argues that there is no conflict between the state and federal statutes of limitations because the federal statute explicitly does not apply to cases where some other law is applicable, as Aguilar contends the state statute is here. Reply (dkt. 16) at 2–3. Aguilar also contends that because statutes of limitations restrict when a person can be punished for a crime, they can be assimilated by the ACA as related to the punishment provided by state law. *Id.* at 3–7. He notes that the federal statute of limitations at issue here (which, to be clear, Aguilar contends is inapplicable) prohibits any person from being "'*punished* for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed,'" and that California's statute of limitations scheme "tethers the limitations period to offense severity, revealing the interconnectedness of the limitations period and the interest in punishment." *Id.* at 3–5 (quoting 18 U.S.C. § 3282(a), and citing, *e.g.*, *People v. Sedillo*, 235 Cal. App. 4th 1037, 1048 (2015)). Aguilar argues that statutes of limitations are therefore analogous to the deferred prosecution systems that the Ninth Circuit held to be

4

assimilated in *Sylve* and *Bosser*. *Id.* at 4–5. According to Aguilar, applying California's statute of limitations is necessary to effectuate the ACA's purpose of conforming the law governing federal enclaves to that governing the state in which the enclave is located. *Id.* at 7–8.

The Court allowed the parties to submit supplemental briefs after the hearing. Aguilar's supplemental brief argues for the first time that the statute of limitations falls within the "like offense" (rather than "like punishment") prong of the ACA, noting again that the California courts have interpreted statutes of limitations as conferring substantive rights on criminal defendants. Def.'s Supp'l Br. (dkt. 23) at 1–3. Aguilar also argues that the use of the word "guilty" in the ACA supports his position, because he could not have been found guilty under state law of an offense for which the statute of limitations had run, and again contends that the "except as otherwise provided" clause of the federal statute of limitations incorporates the state statute of limitations. *Id.*

The United States' supplemental brief meaningfully addresses for the first time Count Two, which charges a violation of state law incorporated under Presidio Trust regulations rather than under the ACA, arguing that such regulatory assimilation should track the analysis of ACA assimilation. U.S. Supp'l Br. (dkt. 24) at 2–4. The United States notes that Aguilar is charged with offenses occurring on federal land, and asks this Court to follow other decisions applying the federal five-year statute of limitations to charges under the ACA. *Id.* at 4–5.

## III. ANALYSIS

### A. Applicable Statutes

The relevant portion of the ACA, under which Count One is incorporated, reads as follows:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

5

18 U.S.C. § 13(a). The parties' arguments here focus, for the most part, on whether a statute of limitations is a component of "like punishment," not whether it is a necessary part of a "like offense," perhaps because courts have long held that "'time is not of the essence of the offense.'" *Johnston*, 699 F. Supp. at 229 (quoting *United States v. Cook*, 84 U.S. (17 Wall.) 168, 180 (1872)).

The regulation under which Count Two is incorporated, which includes language Aguilar suggests is broader than that of the ACA, provides that unless otherwise addressed by regulation, "traffic and the use of vehicles within the boundaries of the area administered by the Presidio Trust are governed by State law[,] State law that is now or may later be in effect is adopted and made a part of the regulations in this part," and "[v]iolating a provision of State law is prohibited." 36 C.F.R. § 1004.2(a)–(b).

The state statute of limitations that Aguilar seeks to apply provides that, absent exceptions not applicable here, "prosecution for an offense not punishable by death or imprisonment in the state prison or pursuant to subdivision (h) of Section 1170 shall be commenced within one year after commission of the offense." Cal. Pen. Code § 802(a). The federal statute that the United States seeks to apply states that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The United States filed its information as to Aguilar on October 18, 2017, approximately one year and four months after the date Aguilar allegedly engaged in criminal conduct, thus falling outside of California's one-year limitations period but within the federal five-year limitations period.

### B. Count Two is Barred by California's Limitations Period

Count Two of the information, charging Aguilar with operating a vehicle without a license, does not assert assimilation under the ACA, but instead under 36 C.F.R. § 1004.2. Aguilar asserts in his motion, albeit briefly, that the regulation's language incorporates the California statute of limitations more clearly than does the ACA, and the United States does not address that arguments in its opposition brief. Instead, the United States bases all of its arguments in that brief on the

6

ACA, arguing that the statute of limitations does constitute part of the "offense" or "punishment" assimilated by the ACA, and that the California statute of limitations conflicts with the federal statute of limitations. Because § 1004.2 does not include the "like offense" or "like punishment" language found in the ACA, but instead more broadly incorporates "State law," the United States' arguments based on the limited scope of those terms are not applicable to Count Two. Nor is there any conflict between the state and federal statutes of limitations that would prevent the regulation from incorporating the state limitations period. The federal statute of limitations applies only "[e]xcept as otherwise expressly provided by law," 18 U.S.C. § 3282(a), and because the regulation provides that California law governs operation of vehicles in the Presidio Trust, California Penal Code section 802(a) expressly provides an alternative statute of limitations applicable to violations incorporated by 36 C.F.R. § 1004.2.

The United States discusses this issue for the first time in its supplemental brief. *See* U.S. Supp'l Br. at 2–3. The Court permitted supplemental briefs to allow the parties to expand on issues previously addressed, not to introduce new arguments to which the opposing party had no opportunity to respond, which raises questions of procedural fairness where a criminal defendant has no opportunity to respond to the government's legal theories.

Regardless, the United States' arguments on this point are not persuasive. The United States cites a decision from the District of Colorado holding that penalties for violations of 36 C.F.R. § 4.2—a provision similar to § 1004.2 but applicable to national parks rather than the Presidio Trust, although the United States' brief does not explain that relationship—are governed by another federal regulation rather than by state law. U.S. Supp'l Br. at 3 (citing *United States v. Rogers*, 865 F. Supp. 718, 720 (D. Colo. 1994)).[1] The holding of *Rogers* follows from the language of the regulations. Both § 4.2 (at issue in *Rogers*) and § 1004.2 (at issue here) provide

---

[1] Immediately after discussing *Rogers*, the United States asserts without citation that "§ 1004.2(b) performs essentially the same function as the ACA and the federal statute of limitations must apply in both cases." U.S. Supp'l Br. at 3. *Rogers* does not support that statement, since its holding that a federal penalty applies to regulatory violations is contrary to the ACA, which derives penalties from state law. The United States also does not address the distinction between § 1004.2's broad statement that vehicle usage is "governed by State law" and the ACA's narrower terminology, assimilating only a "like offense" and "like punishment."

7

that state law applies to operation of vehicles "[u]nless specifically addressed by regulations in this chapter." 36 C.F.R. §§ 4.2(a), 1004.2(a). Regulations within the same chapters "specifically address" the penalties for violations. *See* 36 C.F.R. §§ 1.3, 1001.3. The United States has not identified any regulations within Chapter X of Title 36 of the Code of Federal Regulations that provides for a five-year statute of limitations, nor cited any case addressing the statute of limitations applicable to § 1004.2.

Aguilar's motion to dismiss Count Two is GRANTED.

### C. Cases Considering the Limitations Period Applicable to ACA Charges

The only case from this district addressing the limitations period applicable to charges under the ACA is *Johnston*, holding that the ACA does not assimilate state statutes of limitations. *See generally Johnston*, 699 F. Supp. 226. Judge Patel relied in part on the Ninth Circuit's decision in *Smayda*, which rejected, in the context of a challenge to a search, an argument that "'it would be anomalous if the defendants could be convicted under [the] [ACA] of an offense for which they could not be convicted in a California court,'" on the basis that the ACA creates a distinct federal offense rather than incorporating wholesale a state's criminal and constitutional law. *Id.* at 228 (quoting *Smayda*, 352 F.2d at 253, *abrogated on other grounds by Katz v. United States*, 389 U.S. 347 (1967)) (first alteration in original).

Other cases cited by the United States have reached the same result as *Johnston*. In *United States v. Stoddard*, the Eastern District of California mentioned in a footnote that defense counsel raised a state statute of limitations argument at a hearing but did not file a motion to dismiss on that basis or cite any authority. *United States v. Stoddard*, No. CR-S-05-0552 KJM, 2006 WL 1062041, at *2 n.2 (E.D. Cal. Apr. 21, 2006). The court did not address the argument in detail but noted that the Northern District "specifically rejected" it in *Johnston. Id.*

The Northern District of Illinois considered the question in *United States v. Paredes*, 751 F. Supp. 1288 (N.D. Ill. 1990). That court identified *Johnston* as the only then-existing "modern case which addresses the issue," and followed its holding that the federal statute of limitations applies because the ACA "creates a federal crime" distinct from state offenses from which it borrows certain terms. *Id.* at 1293. The court considered holdings by various circuits that in ACA

8

cases, federal law governs "the sufficiency of the indictment," "the right to a jury trial," "application of the exclusionary rule," "admission of evidence," and "parole terms." *Id.* The court also noted that in the separate context of Travel Act prosecutions, which may rest on the definition of certain state crimes if a defendant is accused of crossing state lines to commit such crimes, a panel of the Ninth Circuit expressed doubt that "'non-substantive state law defenses, such as the running of the statute of limitations, are cognizable,'" *id.* (quoting *United States v. Bertman*, 686 F.2d 772, 774 n.2 (9th Cir. 1982)), and that the Seventh Circuit has rejected the use of state procedural defenses in RICO prosecutions, *id.* (citing *United States v. Muskovsky*, 863 F.2d 1319, 1330–31 (7th Cir. 1988)).

In *United States v. Colon*, the Eastern District of New York noted that there is "scant authority" addressing that the statute of limitations for ACA cases, but that "the few district courts that have done so[2] are in agreement that, under the ACA, the statute of limitations is governed by federal law." *Colon*, No. 09-MJ-75 (RLM), 2009 WL 790991, at *2 (E.D.N.Y. Mar. 23, 2009) (citing four district court decisions discussed separately in this order). The court followed those decisions without further analysis. *Id.*

A handful of other cases not cited by either party have also addressed the question of whether the ACA assimilates state statutes of limitations. As far as this Court is aware, every court to consider the issue has held that it does not, and the federal catch-all statute of limitations applies to ACA prosecutions.

In *United States v. Torbit*, an unpublished table decision, a panel of the Fourth Circuit held per curiam that the ACA "creates a *federal* offense" and "merely refers to the state statutes for its definition and its penalty," and that "time is not an element of the crime." *Torbit*, 838 F.2d 468, 1988 WL 6823, at *2 (4th Cir. 1988) (per curiam). The panel therefore concluded that the ACA "does not incorporate the state statute of limitations." *Id.*

The Middle District of Alabama has confronted the same issue and followed the Fourth Circuit's *Torbit* decision for the principle that "[t]ime is not a substantive element of the offenses

---

[2] The *Colon* court stated incorrectly that "no circuit court has considered th[is] issue," overlooking the Fourth Circuit's *Torbit* decision discussed below.

with which the defendant is charged," concluding that "the ACA does not also assimilate Alabama's one-year statute of limitation." *United States v. Medrano*, No. 1:10cr104-CSC, 2011 WL 1743392, at *2 (M.D. Ala. May 6, 2011). That court also held that "because Alabama's statute of limitation conflicts with the federal statute of limitations, the court concludes that under the ACA, the federal statute of limitations of five years applies in this case." *Id.*

Finally, a 1908 decision by the District of New Jersey addressed a substantially similar predecessor of the current ACA, also suggesting that the federal statute of limitations applied:

> True, if the alleged offense had been committed within the jurisdiction of the state of New Jersey on May 19, 1905, and an indictment had been found in a state court against the defendant in September, 1907, the New Jersey limitation might furnish to the defendant a good defense. But, as time is not of the essence of the offense, as the limitation prescribed by the New Jersey law is in a different statute from that which defines the offense, and as the section of the congressional act above quoted provides that the punishment to be imposed shall be the same as that which may be imposed by the state of New Jersey for a like offense, it seems that the provision of the New Jersey state law which has been incorporated in the congressional act is not that part of the New Jersey criminal procedure law which provides [the statute of limitations], but that, so far as the present case is concerned, it incorporates only that part of section 197 of the New Jersey crimes act which defines the offense . . . . If this be the true construction of the federal statute, the case must be controlled by the provision concerning limitations contained in section 1044 of the United States Revised Statutes (U.S. Comp. St. 1901, p. 725) and not by the provision of section 152 of the criminal procedure act of the state of New Jersey.

*United States v. Andem*, 158 F. 996, 1000 (D.N.J. 1908). As Judge Patel noted in *Johnston*, however, the issue in *Andem* was whether a statute of limitations defense could be raised in a demurrer, and the court held that it could not, only going on to address the issue of which limitations period might apply because "as the question whether the statute of limitations furnishes a good defense in this case has been fully argued by counsel, it may not be inappropriate to make some further observations." *Id.* at 999; *see also Johnston*, 699 F. Supp. at 227.

**D. The ACA Does Not Assimilate State Statutes of Limitations**

In the face of unified authority holding that the federal statute of limitations applies to charges under the ACA, Aguilar argues that the Ninth Circuit's decisions in *Sylve* and *Bosser* compel the opposite conclusion. Both of those cases concerned deferred prosecution schemes

10

available under state law, which the Ninth Circuit held to be intended as a "sentencing alternative" or "an authorized punishment" by the states that enacted them. *See Sylve*, 135 F.3d at 683–84; *Bossert*, 866 F.2d at 317. Similarly, in *Christie*, the Tenth Circuit held that New Mexico's prohibition against entering multiple convictions for a single killing, constituted a "sentencing issue[]" that fell within the "like punishment" prong of the ACA. 717 F.3d at 1171–72. The statute of limitations, which governs the deadline by which a case must be commenced against a defendant,[3] is not analogous to the state laws at issue in those cases, all of which dealt with the appropriate sanctions to be made available for criminal conduct. The issue here is more similar to *White*, where the district judge distinguished *Bosser* and *Sylve*, and held that a state law allowing a court to dismiss charges in the interest of justice could not be viewed as a "punishment" assimilated under the ACA. *White*, 2012 WL 1497518, at *3–4. The Court is not persuaded that a departure from the thus-far unanimous approach to statutes of limitations governing ACA charges is warranted, and DENIES Aguilar's motion to dismiss Count One.

Neither the Ninth Circuit's decision in *Kearny* nor the Supreme Court's decision in *Lewis* alter the outcome. *Kearny*'s discussion of "substantive" versus "procedural" law reads, in context, as merely a shorthand for the fact that the ACA does not incorporate all potentially applicable state law, and not as a departure from the "like offense" and "like punishment" framework that appears in the statutory language and forms the basis for most analysis in case law. *See* 750 F.2d at 789. Neither of the two cases cited by *Kearny* in that discussion indicates that a state law's status as "substantive" is sufficient to bring it within the scope of the ACA. *See United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir. 1982); *Kay v. United States*, 255 F.2d 476, 479 (4th Cir. 1958), *abrogated as recognized by Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 (2009). Particularly given that the Ninth Circuit explicitly moved away from a "substantive" versus "procedural" framework

---

[3] At the hearing, the Court raised the question of whether the statute of limitations could be assimilated as an affirmative defense, an issue not addressed in the briefs. The California Supreme Court has held that the statute of limitations is a jurisdictional doctrine under California law and not an affirmative defense. *People v. Williams*, 21 Cal. 4th 335, 340–41 (1999). The question of whether the ACA assimilates affirmative defenses available under state law is therefore inapposite. Aguilar cites *Williams* for the proposition that California statutes of limitations are substantive and that the prosecution has the burden of establishing that a charge was timely, but cites no authority holding that the ACA assimilates state jurisdictional doctrines.

11

in *Bosser*, 866 F.2d at 315, this Court does not read *Kearny* as establishing a rule that any state law that can properly be characterized as "substantive" must be assimilated by the ACA.

Aguilar's supplemental brief puts more weight on the ACA's use of the term "guilty" than it reasonably can bear. The ACA provides that a defendant who "*is guilty* of any act or omission [on federal land] which . . . would be punishable if committed or omitted within [the jurisdiction of a state] shall *be guilty* of a like offense and subject to a like punishment." 18 U.S.C. § 13(a). Aguilar contends that because the statute of limitations would prevent him from being convicted in a California court at the time he was charged, he cannot be considered legally "guilty" of a California offense, and thus also cannot be "guilty" under the ACA. *See* Aguilar Supp'l Br. at 2–3. This semantic argument would seem to apply equally to *any* state law that might lead to a different outcome, no matter how distanced from the "offense" and "punishment" referenced in the statute. One could argue, for example, that a defendant would not be "guilty" of an offense under California law if the only witness was barred from testifying by California rules of evidence, but binding precedent dictates that the ACA does not assimilate state evidentiary rules. *See United States v. Wilmer*, 799 F.2d 495, 500 (9th Cir. 1986). The Court concludes that the ACA's use of the word "guilty" does not expand the scope of assimilation beyond a "like offense" and "like punishment."

Finally, the federal limitations statute's "[e]xcept as otherwise expressly provided by law" clause, *see* 18 U.S.C. § 3282(a), does not incorporate California's statute of limitations if it is not assimilated by the ACA. *Cf.* Def.'s Supp'l Br. at 3–4. Although a charge under the ACA shares the elements and punishment applicable to an assimilated state law, it does not constitute a state law crime, but rather a distinct offense under federal law. California's statute of limitations does not on its face apply to violations of federal law. Accordingly, no statute of limitations except the five year statute under § 3282(a) is "expressly provided by law" for a violation of the ACA, and the five year catch-all limitations period applies.

/ / /

/ / /

/ / /

12

## IV. CONCLUSION

For the reasons discussed above, Aguilar's motion to dismiss is GRANTED as to Count Two, but DENIED as to Count One.

**IT IS SO ORDERED.**

Dated: August 30, 2018

JOSEPH C. SPERO
Chief Magistrate Judge